## Case No. 12,892.

### SIMS v. LYLE et al.

[4 Wash. C. C. 320.] [1]

Circuit Court, E. D. Pennsylvania. Oct. Term, 1822.

EQUITY—MISTAKE—MISCONCEPTION OF LAW.

A mistake, which is nothing more than a misconception of the law, is no ground for relief in equity.

[Cited in Sawyer v. Gill, Case No. 12,399.]

This cause was now argued on the validity of the bar relied on in the plea. See [Case No. 12,891]. It was contended for the plaintiff: (1) That the covenant contained in the agreement of the 20th of April, 1807, was substantially a performance of the condition in the deed of assignment, not to sue the said Griffith, or to proceed against the joint or separate property of Nicklin and Griffith; and if so, equity will dispense with a literal compliance. (2) If not so, then the plaintiff is entitled to relief upon the ground of mistake. (3) By the covenant in the agreement of the 20th of April, 1807, that that agreement should not affect the claim of the plaintiff against the joint or separate property of Nicklin and Griffith, should the property to be conveyed be inadequate to its discharge, a lien upon all the property of Nicklin and Griffith, was created, which

1 [Originally published from the MSS. of Hon. Bushrod Washington. Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

followed it into the hands of the assignee. Cases cited, 1 Fonbl. Bankr. Cas. 36; 3 Atk. 342; 1 Vern. 32; 2 Vern. 243, 166, 122, 286, 482; 3 P. Wms. 320; 1 Madd. 40, 41, 30, 312, 34; Co. Bank. 265, 267; 1 Ves. Jr. 331; 1 Atk. 158; [D'Utricht v. Melchor] 1 Dall. [1 U. S.] 430; 1 Brown, Ch. 269; 2 Cox, Ch. 12.

On the other side it was answered: (1) That the plaintiff is not prevented, by his covenant of the 20th of April, 1807, from suing Mr. Griffith, or to pursue his estate in the event that has happened of the property to be conveyed proving inadequate to the payment of the debt due to him from Nicklin and Griffith. (2) That here was no mistake, nor is that made the ground of the relief sought by the bill. (3) The reservation of the plaintiff's claims against Nicklin and Griffith gave him no new rights, and created no lien on the general estate of Nicklin and Griffith.

Mr. Rawle, for plaintiff.
Mr. Tod, for defendant.

WASHINGTON, Circuit Justice. The relief sought by this bill is against the assignees of R. E. Griffith, to be let in, pari passu, with the other creditors of Nicklin and Griffith, to a dividend of the proceeds of the property assigned. In answer to the objection stated in the plea, that the plaintiff had not complied with the condition contained in the deed of assignment, by binding himself within one year from the date of the deed not to proceed against the person of the said Griffith, or the joint or separate estate of Nicklin and Griffith, it is insisted: (1) That the condition has been substantially performed. If not, then (2) that the omission to do so proceeded from mistake. And (3) that the agreement of the 20th of April, 1807, created, in favour of the plaintiff, a lien on all the property of Nicklin and Griffith, which followed it into the hands of the assignees.

The first answer to the objection is founded upon a misconception of the nature of the obligation imposed upon the plaintiff by the agreement of the 20th of April. The covenant not to proceed against the property of Nicklin and Griffith, was made to depend upon the event of the security provided for the plaintiff by that agreement proving adequate to the discharge of the debt for which it was pledged; for the right of the plaintiff to proceed against the general property of Nicklin and Griffith, in case the security should at the end of five years prove inadequate, was reserved to the plaintiff in the most express terms. The bill states that the property, so agreed to be conveyed, proved altogether worthless, and this is made the ground of the relief sought by the bill. The covenant, therefore, by the plaintiff's own showing, was temporary and contingent; and has, by the event, become

totally inoperative. This then cannot be considered as a substantial compliance with a covenant not to sue at all, which it was correctly insisted by the defendants' counsel is equivalent to a release.

2. It is a complete answer to the argument which has been urged on the ground of mistake, that it is not even pretended by the bill to have taken place, nor is it that upon which the relief is sought. There is no doubt but that where an instrument is drawn contrary to the manifest intention of the parties, the allegation and proof of the mistake will be considered by the court as a ground of relief. But I hold it to be indispensable to the relief, that the mistake should have arisen from some cause distinct from the sense of the instrument. It is not pretended that the plaintiff intended by the agreement of the 20th of April to enter into a covenant which would be equivalent to a release, or in any respect different from what the covenant itself purports. Such a covenant as the deed of assignment requires, would have been manifestly contrary to the intention of the parties, as is proved by the reservation of the plaintiff's rights in the event which has taken place. If the mistake be nothing more than a misconception of the law, which led the plaintiff to suppose that he had in effect complied with the proviso in the deed of assignment, which could hardly be the case, or that the stipulated covenant might be given after the expiration of the twelve months from the date of the deed, I can only say that such a mistake is not a ground of relief. For ignorance is not mistake; and equity will not grant relief upon a mere supposition that the party was ignorant of the legal effect of his acts, or of his omission to act. Were this the doctrine of the court of chancery, there are few cases which might not find access to that forum.

3. If this ground of relief be a sound one, the plaintiff has greatly mistaken his rights in asking for a dividend only of the assigned property, whereas he would be entitled to claim the whole; for there can be no doubt, and so are the cases cited by the plaintiff, that the assignees take the property subject to all the equity which attended it in the hands of the assignor. But the covenant upon which this argument is built will not bear the construction which is put upon it by the plaintiff's counsel. The reservation of the plaintiff's rights was intended to counteract the effect of the covenant not to proceed against the property of Nicklin and Griffith, in case the security to be assigned to the plaintiff should prove defective, or inadequate to its object. But it granted no new right to the plaintiff; most clearly it did not substitute another security upon the whole of the property of Nicklin and Griffith for that stipulated for by the agreement, in case it should be insufficient to satisfy the plaintiff's claim.

Upon the whole we are of opinion that the plaintiff is barred of the relief prayed for, and we therefore allow the plea; the consequence of which will be a dismission of the bill, as we consider the truth of the plea as not intended to be questioned.